FROST *v.* FROST and BEVINS.(*b*)

Where tenants in common unite in executing a joint mortgage, for a joint and several debt, one of them has no equity to compel the mortgagee to receive half the debt, and to proceed against his co-tenant's moiety for the collection of the other half, although he tender a sufficient bond of indemnity against eventual loss.

Nor on a foreclosure against both mortgagors, will a decree be made for a sale of the undivided moieties separately, for the respective half parts of the debt.

The doctrine of principal and surety is not applicable, and the creditor is entitled to receive his whole debt, or to have the usual 'decree for a sale of the whole premises.

Albany, January 12th, 1846.

THIS was a suit to foreclose a mortgage, executed by James Frost Jr. and John L. Bevins, on two small lots of ground at Spraker's Basin, in the county of Montgomery. The mortgagors

(*b*) This cause, and several others in this volume, were heard at a special term held at the capitol in the city of Albany, on the 12th day of January, 1846.

owned the premises as tenants in common. On one of the lots a large stone building was erected, sufficiently capacious for two stores, and which by means of a partition had been so occupied.

The complainant held a subsequent mortgage given by J. Frost Jr., on his undivided half part, including another house and lot. Before the suit, Bevins offered to pay to the complainant one half of the sum due on the first mortgage, requiring him to foreclose Frost's undivided share of the premises for the collection of the other half, and offering an indemnity against loss. The complainant refused to accept payment of a part of his debt.

The cause was heard on the pleadings and proofs as to Bevins who answered, insisting on these facts.

*J. C. Wright*, for the complainant.

The only real question is as to selling these premises in parcels; whether one of two mortgagors has a right to insist on a foreclosure against the other, on the former paying to the mortgagee one-half of the amount due. We contend he has no such right; especially where the property mortgaged is indivisible. In a partition, this store would have to be sold entire. A sale in undivided moieties will lessen the amount which should be realized from it, and we as junior mortgagees of one half, have an equity to prevent such a loss. No case can be found for selling indivisible property in halves, or selling undivided half parts on a mortgage of the whole.

We were not bound to receive a bond of indemnity as to half the debt, and be turned over to a suit at law on personal security in case of a deficiency.

The complainant has nothing to do with the equities between the mortgagors, both of whom are liable to him jointly and severally, and each for the whole. There is no suretyship as to him, or for him; nor is there any between the mortgagors until one of them pays the debt.

*R. W. Peckham*, for the defendant, Bevins.

Each of these parties in respect of the other, is a surety for half

the debt. It is not material whether the store can be sold in parcels. What is the objection to selling equal undivided moieties, under the decree? If we pay half of the debt, who is bound to pay the other half? Equity requires each to pay half. (*Henry* v. *Henry*, 10 Paige, 314.)

A decree may be made between co-defendants, and here there is a *prima facie* equity for such a decree. (*Jones* v. *Grant*, 10 Paige, 348.) The complainant's object in having the whole sold, is not to collect his debt, but to buy the property for less than its value. He wants to sell our half to make Frost's half better. His second mortgage has no bearing on the case. There is no marshalling of assets here. (4 J. C. R. 17 ; 1 ibid. 415.)

THE ASSISTANT VICE-CHANCELLOR, said there can be no sale in divided parcels here. One of the mortgagors has no more right in the east half or the west half of the store, than the other. The complainant as second mortgagee, has no particular equity. He stands in the place of J. Frost Jr. as to Bevins' right, in respect of that mortgage, and cannot force on a sale of B.'s half of the property to pay his first mortgage.

On the other hand, both of these parties are principal debtors, each liable to the complainant for the whole debt secured by the joint mortgage, and he has a right to compel either of them to pay the whole. So the doctrine of surety is not applicable. They joined in mortgaging the premises, and probably by that act, intended to have a sale of the whole, if any sale ever became necessary. This is the more probable, because the legal presumption as well as the proof is, that the property will not sell as well in undivided moieties as the whole would together. If they had intended a different result, they should have given separate mortgages. A mortgagor under the circumstances here disclosed, is entitled to receive his entire money, or to have a sale of the whole premises. He cannot be driven to sell an undivided half part, for the payment of half of his debt.

In regard to a decree for Bevins against his co-defendant, the latter is not represented here. He was called upon to answer the bill, and has had no opportunity to answer the claim of Bevins.

There must be the usual decree for a sale of the mortgaged

premises, and Bevins must pay the additional costs incurred by the complainant in consequence of his putting in an answer.

Decree accordingly.